Addaleine Lawson Lund v. Commissioner.
Lund v. Commissioner
Docket No. 32396.
United States Tax Court
1952 Tax Ct. Memo LEXIS 305; 11 T.C.M. (CCH) 189; T.C.M. (RIA) 52053; February 29, 1952
*305 Addaleine Lawson Lund, pro se. Douglas L. Barnes, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $99.00 in income tax for 1949. The only issue for decision is whether the petitioner is entitled to claim an exemption for a dependent, her son. Findings of Fact The petitioner filed an individual income tax return for 1949 with the collector of internal revenue for the District of Washington. She was unmarried during 1949 and lived at Edmonds, Washington, in a house, the title to which was in her name. The only other occupant of the house was her son by a former marriage. He was born in 1934. His gross income for 1949 was less than $500. The father of the son contributed $600 to his support during 1949. Over one-half of the support of the son for 1949 was received from the petitioner. Opinion MURDOCK, Judge: The petitioner has testified that she started and ended the year 1949 without any funds. She has accounted for all of the funds which came into her hands during the year, has eliminated certain amounts which did not go to the support of either herself or her son, and finally has *306 arrived at $2,577.99 as the amount spent for her support and the support of her son. It is her opinion that more than one-half of that amount was spent for the son and less than one-half was spent for her support. There is some reason to believe that her conclusion in that respect is correct. One-half of the total mentioned is $1,288.99. She concedes that the son and his father together contributed $650, so she subtracts that and arrives at $638.99 as her contribution to the support of the son. The Commissioner points out that one-half of $1,288.99 is greater than $638.99 and reasons from the petitioner's own figures that she did not contribute one-half of her son's support. However, the petitioner failed to take into account the fact that she supplied her son's lodging. The Court, taking all of the evidence into consideration, has concluded that the petitioner furnished more than one-half of the support of her son for 1949. Decision will be entered under Rule 50.